UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00403-FDW

| RACHAD LAMAR ROBINSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| JOHN HERRING ET AL., | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on Defendants David Aaron, Jamillah Myers, Rodney Cline, and Louis Griffin's Motion for Summary Judgment (Doc. No. 28).

Plaintiff Rachad L. Robinson, a pro se prisoner, filed this action on July 11, 2017, pursuant to 42 U.S.C. § 1983, alleging Defendants acted with deliberate indifference as to his medical needs following a fire at the Lanesboro Correctional Institution, in violation of the Eighth Amendment of the United States Constitution. (Doc. No. 1, p. 3-4). After initial review, Defendant Herring was dismissed as a party because Plaintiff did not plead facts implicating him. (Doc. No. 9, p. 5). The Court otherwise allowed the case to proceed. Id. After Defendants moved for summary judgment (Doc. No. 28), the Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the motion for summary judgment and the manner in which evidence could be submitted to the Court. (Doc. No. 31). Plaintiff failed to file a response by the deadline, and the time to do so has passed.

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a

1

verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id. At the summary judgment stage, the evidence and inferences drawn therefrom must be viewed in light most favorable to the nonmoving party. Tolan v. Cotton, 572 U.S. 650, 657 (2014); United States v. Diebold, Inc., 369 U.S. 654 (1962) (per curiam).

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party to show there is a genuine dispute of fact. See id. at 323-24. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995). If a party does not file a response to the summary judgment motion, or if he does not address arguments contained in the motion, he is deemed to have abandoned those claims. See Crosby v. City of Gastonia, 635 F.3d 634, 638 n.3 (4th Cir. 2011); see also Jones v. Henderson Cty. Det. Ctr., No. 1:15-cv-132-FDW, 2017 WL 581324, at *1 n.1 (W.D.N.C. Feb. 13, 2017).

As an initial matter, the Court observes Plaintiff did not respond to Defendants' motion for summary judgment and has thus abandoned his claims. See Crosby, 635 F.3d at 638 n.3; see also Jones 2017 WL 581324, at *1 n.1. Nonetheless, and out of an abundance of caution, the Court has

reviewed the merits of Plaintiff's claims. After reviewing the affidavits of David Aaron, Jamillah Myers, and Aree Thompson (Docs. Nos. 29-1, 29-2, 29-3), and noting that Plaintiff has not filed any affidavits, unsworn declarations, or other evidence, the Court finds there is no genuine dispute of material fact. Thus, summary judgment is appropriate here. After a careful review of the applicable law, and for the reasons articulated in Defendants' Memorandum in Support of Defendants' Motion for Summary Judgment (Doc. No. 30), Defendants' Motion for Summary Judgment (Doc. No. 28) is GRANTED and Plaintiff's action is DISMISSED with prejudice.

IT IS SO ORDERED.

Signed: September 23, 2019

Frank D. Whitney
Chief United States District Judge